### RICHARD F. ALLEN & Co. *vs.* ELIZABETH BABCOCK.

A lunatic may defend by next friend without having a commission.
Lunacy may be set up against a note at least as between the original parties or against the first indorser.

RULE to show cause why a judgment should not be set aside and the deft. let into a trial.

The rule in this case was founded on an affidavit of Joseph K. Eyre, the brother and next friend of the deft., setting forth:   That the above-mentioned judgment was obtained at the present term of this court, by default, in a suit of foreign attachment; that the cause of action in said suit was two supposed promissory notes, for one thousand dollars each, drawn by Benjamin Ashburner to the order of Elizabeth Babcock, at four months, and purporting to be endorsed by her; that at the time of the supposed indorsement, and for a long time before, the said Elizabeth Babcock was, and yet is, afflicted with mental derangement, and so far deprived of her reason as to be incapable of doing any business; that she is now confined in the Frankford hospital; and that the said supposed indorsements were made without any good or valuable consideration as far as regards the said Elizabeth Babcock.

*Bayard* objected that the deft. or any one for her had no right to controvert this judgment without taking out a commission of lunacy.

*The court* said there were two questions: whether a party could be permitted to stultify himself, and secondly, whether a lunatic can institute proceedings by next friend.   There is some doubt whether a man can stultify himself by *plea,* but no doubt he can do so on evidence under the general issue.   It might be impolitic to permit the defence of lunacy to an indorsed note after it is put in circulation; but this note is in the hands of the first indorser, and it was his duty to inquire not only into the solvency of the indorser, but into the legality of the indorsement.   This is a case also of foreign attachment, where the judgment is without appearance, or, so far as appears, without notice, it is a case therefore of a judgment without trial, and the motion commends itself to the favorable consideration of the court.   As to the other question, a late author, the only one we have had an opportunity of examining, lays it down that a lunatic can sue

or defend by next friend. *Shelford on Lunacy*, 395. *2 Law Library*, 250.

Rule absolute. (*a*) Judgment to remain as security.
*Booth,* for defendant.
*J. A. Bayard,* for plaintiff.

(*a*) On a trial at the following term, when the jury returned into the box, the plff.'s were called and refused to answer. The court doubted whether, standing as this case did on the record, the plff. could choose to be non pros'd.; they therefore took the verdict for the deft. and laid a rule to show cause why this verdict should not be set aside and judgment of non pros. entered.   This rule was made absolute without argument.

Judgment of non pros.